Anne I. Li v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-108-CR

ANNE I. LI APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

------------

OPINION

-----------

A jury convicted Appellant Anne I. Li of assault with bodily injury, and the trial court sentenced her to 120 days in jail, probated for one year, plus a $500 fine.  In one point, Appellant complains of the following jury instruction: “It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution’s proof excludes all reasonable doubt concerning the defendant’s guilt.”  Appellant argues that this instruction is erroneous because it amounts to an improper definition of 
beyond a reasonable doubt
. The complained of instruction is part of the 
Geesa
 definition of 
beyond a reasonable doubt
.
(footnote: 1)  As Appellant points out, the Texas Court of Criminal Appeals held in 
Paulson v. State 
that giving the full 
Geesa
 instruction is reversible error absent agreement of the parties.
(footnote: 2)  Appellant here did not agree to the instruction.

While it seems fundamentally unfair that all portions of the definition of 
beyond a reasonable doubt 
that benefit a defendant have been removed from the definition, leaving only the portion that benefits the State, and while it seems clear that if the definition is improper in whole it should also be improper when only that portion which benefits one party and not the other is retained, both this court and the Texas Court of Criminal Appeals have ruled otherwise, holding that the instruction in question is not improper.
(footnote: 3)
 We are constrained therefore to hold that the trial court did not err in including the complained of portion of the 
Geesa
 instruction in the jury charge.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

WALKER, J. concurs without opinion.

MCCOY, J. concurs without opinion.

PUBLISH

DELIVERED:  March 24, 2005

FOOTNOTES
1:
See Geesa v. State
, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991).

2:
28 S.W.3d 570, 573 (Tex. Crim. App. 2000).

3:
See Woods v. State
, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004); 
 e.g., Pope v. State
, No. 2-03-195-CR, 2004 WL 2985071, at *8 (Tex. App.—Fort Worth Dec. 23, 2004, no pet. h.).